NUMBER 13-00-657-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 


MIGUEL ANGEL LOPEZ , Appellant,


v.


THE STATE OF TEXAS , Appellee.

 


On appeal from the 177th District Court

of Harris County, Texas.

 


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez



Appellant, Miguel Angel Lopez, entered an agreed plea of guilty to the offense of aggravated sexual assault of a child. (1)

 Pursuant to the plea bargain, the trial court sentenced appellant to 30 years imprisonment. The court admonished Lopez
he could appeal only with permission of the trial court. Appellant filed a general notice of appeal. No other notice appears
in the record.

Pursuant to Anders v. California, 386 U.S. 738, 744-45 (1967), Lopez's counsel filed an Anders brief, in which he has
concluded that this appeal is wholly frivolous and without merit. Without addressing counsel's contentions, we dismiss the
appeal for want of jurisdiction because Lopez's general notice of appeal provides no basis for an appeal from the
plea-bargained judgment.

Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure provides that following an agreed plea of guilty, and where the
punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a notice of
appeal must specify that (1) the appeal is for a jurisdictional defect, (2) the substance of the appeal was raised by written
motion and ruled on before trial, or (3) state that the trial court granted permission to appeal. See Tex. R. App. P.
25.2(b)(3). 

Because Lopez entered an agreed plea of guilty, and because the punishment assessed did not exceed the punishment
recommended by the prosecutor, rule 25.2(b)(3) limits our jurisdiction over his appeal. First, Lopez asserts no
jurisdictional defects. Second, he does not contend that his appeal is from an issue raised by written motion and ruled on
before trial. Finally, Lopez's notice of appeal does not set out that the trial court granted him permission to pursue his
appeal.

Because we conclude this Court is without jurisdiction, we dismiss Lopez's appeal.




ROGELIO VALDEZ

Chief Justice 

Do not publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 26th day of July, 2001.

1. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i)(Vernon Supp. 2001).